JUSTICE WEBER
concurs and dissents as follows.
I dissent from the conclusions and holding in Issue 4 and concur in the balance of the issues in the majority opinion.
Under Issue 4, the issue is stated as Did the District Court err when it awarded Lisa $500,000 in cash? The majority held that the District Court should not have distributed to Lisa marital estate properties which Jeff received after the parties separated, absent application of the factors in § 40-4-202, MCA. The foundations for the holding of the Court are the following statements in the majority opinion:
... The court cannot distribute to the non-acquiring spouse property acquired prior to the marriage or acquired by gift, bequest, devise, or descent when there is no evidence that the spouse made any contribution to those assets in any form.
Therefore, we overrule that portion of Isaak that allows a district court to distribute inheritance property in the marital estate without strict application of the factors set out in § 40-4-202, MCA.
In substance the majority reached the conclusion that because the wife had not made any contribution to the specific asset received after separation, she was not entitled to receive a share of such assets. I disagree emphatically with that conclusion.
Following are the pertinent portions of § 40-4-202(1), MCA, underscoring the beginning portion which was not included in the majority opinion:
Division of property. (1) In a proceeding for dissolution of a marriage,... the court, without regard to marital misconduct, shall ... finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. ... In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise, or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;... the court shall consider those contributions of the other spouse to the marriage, including:
(a) the nonmonetary contribution of a homemaker;
(b) the extent to which such contributions have facilitated the maintenance of this property; and
*315 (c) whether or not the property division serves as an alternative to maintenance arrangements. [Emphasis supplied.]
Section40-4-202(1), MCA. The underscored portion states that the court shall “equitably apportion” between the parties the property belonging to either or both, however and whenever acquired and whether titled to either one or both. Clearly that portion of the statute affords no basis to suggest that property acquired by descent or devise after separation is not to be equitably apportioned between the parties.
In a similar manner, the following portion of § 40-4-202(1), MCA, requires the court to “consider those contributions of the other spouse to the marriage” and requires the court to consider the nonmonetary contributions of Lisa in this case, the extent to which such nonmonetary contributions have facilitated the maintenance of this property, and finally whether the property division serves as an alternative to maintenance. Of particular import is the requirement that the court consider the nonmonetary contribution of a homemaker. As above quoted, the majority has concluded that there could not be distributed to Lisa property acquired by Jeff by bequest, devise or descent where there is no evidence that Lisa made any contribution to those assets in any form. That is a significant reduction from the broad requirements of the statute. Under the statute the court is required to consider Lisa’s contribution “to the marriage” including the nonmonetary contribution on her part as a homemaker — those contributions to the marriage and as a homemaker may have nothing to do with contribution to the assets themselves but are still required by statute to be considered. In addition, the statute requires the court to consider whether the property division serves as an alternative to maintenance arrangements for Lisa. The majority has disregarded those other provisions of the statute.
The above quotation of the majority opinion stated the majority has overruled that portion of Isaak that allows a district court to distribute inherited property without strict application of the factors set out in § 40-4-202, MCA. As I read Isaak there is no portion oí Isaak which allows the district court to distribute inherited property without strict application of § 40-4-202, MCA. In fact Isaak states the following for the assistance of the District Court on remand:
For the assistance of the District Court on remand, we emphasize it must be guided by the provisions of § 40-4-202, MCA. The requirement of the court is that it “finally, equitably apportion” the marital estate, and this extends to inherited property as well as other property. The statute requires the court to consider such *316 items as duration of marriage, health, occupation, amount of income, and needs of the parties. The general provisions of sub-paragraph (1) also require that the court consider the relationship of apportionment to maintenance and the opportunity of each for future acquisitions of capital assets and income. As above quoted, the statute also provides that in dividing property acquired by devise or descent, the court shall consider the contributions of the other spouse to the marriage including:
(a) the nonmonetary contribution of a homemaker;
(b) the extent to which such contributions have facilitated the maintenance of the property; and
(c) whether or not the property division serves as an alternative to maintenance arrangements.
Section 40-4-202(1), MCA. We emphasize that the District Court should consider all appropriate provisions of § 40-4-202, MCA.
Isaak, 848 P.2d at 1017-18. As the reader will note, Isaak emphasizes that the district court should consider all appropriate provisions of § 40-4-202, MCA. As a result, I don’t find a basis for overruling any portion of Isaak.
My particular concern is that the above quoted portion of the majority opinion appears to require that a spouse must have made contribution to the specific assets which constitute property acquired prior to marriage or acquired by gift, bequest, devise or descent — and if there has been no contribution to the specific assets, there can be no distribution to the spouse. I conclude that is in direct derogation of § 40-4-202(1), MCA, and incidentally is prohibited under Isaak.
As I review the District Court’s action in this case, I do not conclude that it abused its discretion in including Jeff’s inherited property in the marital estate. I further conclude that there are a number of reasons set forth under which the District Court properly included that property, even in the absence of any direct contribution to the property by Lisa.
I dissent from the majority’s holding on Issue 4.
CHIEF JUSTICE TURNAGE joined in the concurring and dissenting opinion of JUSTICE WEBER.